UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

AHMED TEKROUR,                                                          Petitioner,

v.                                                          Civil Action No. 4:26-cv-420-DJH

MIKE LEWIS, Jailer, Hopkins County Jail
et al.,                                                                 Respondents.

* * * * *

**<u>MEMORANDUM AND ORDER</u>**

Petitioner Ahmed Tekrour, a noncitizen resident of Illinois currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings. He alleges that his detention without a bond hearing violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Docket No. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 5), and they have submitted briefs setting out their respective legal arguments (D.N. 7; D.N. 12). After careful consideration, the Court will grant Tekrour's petition for the reasons explained below.

**I.**

Tekrour is a native and citizen of Mauritania. (D.N. 1, PageID.4 ¶ 23; *see* D.N. 7-3, PageID.46) He entered the United States on June 9, 2024, and was apprehended by immigration authorities. (D.N. 1, PageID.4 ¶ 23; D.N. 7-1, PageID.37) Tekrour was released on an order of recognizance shortly thereafter.[1] (D.N. 1, PageID.6 ¶ 31) On June 11, 2024, he was placed in removal proceedings via a Notice to Appear, which designated him as "an alien present in the

---

[1] Pursuant to 8 U.S.C. § 1226(a)(2)(B), noncitizens may be released "on an Order of Recognizance, which is a form of conditional parole." *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *5 (W.D. Ky. Nov. 4, 2025) (quoting *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025)).

1

United States who has not been admitted." (D.N. 7-1, PageID.37)  Tekrour has no criminal history. (D.N. 1, PageID.2 ¶ 5; *see* D.N. 7-3, PageID.47)   On May 21, 2026, U.S. Immigration and Customs Enforcement (ICE) officials arrested Tekrour outside his home "for violations of the Immigration and Nationality Act." (D.N. 7-3, PageID.47; *see* D.N. 1, PageID.2 ¶ 6)  ICE canceled Tekrour's release on recognizance the same day.  (*See* D.N. 7-4, PageID.50)  He remains detained at the Hopkins County Jail in Madisonville, Kentucky.  (D.N. 1, PageID.5 ¶ 24)

Tekrour seeks a writ of habeas corpus against Hopkins County Jailer Mike Lewis, Acting ICE Director David Venturella, Department of Homeland Security Secretary Markwayne Mullin, and Acting U.S. Attorney General Todd Blanche.  (*See id.*, PageID.5–6 ¶¶ 24–27)  Tekrour alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; and due process under the Fifth Amendment.  (*See id.*, PageID.10–14 ¶¶ 62–97)  He seeks immediate release or a bond hearing.  (*See id.*, PageID.15)  Respondents state that 8 U.S.C. § 1226(a) governs Tekrour's detention but argue that he should request a bond hearing before an immigration judge rather than be released.[2]  (*See* D.N. 7, PageID.31–34)

**II.**

The parties agree that 8 U.S.C. § 1226(a) applies to Tekrour's detention.  (*See* D.N. 1, PageID.10 ¶ 64; D.N. 7, PageID.31)  His detention without a bond hearing violates due process. *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 719 (6th Cir. 2026).  The Court must therefore determine the proper remedy.   *See Campos-Rios v. Blanche*, No. 3:26CV00640, 2026

---

[2] Respondents do not contest that the Court has jurisdiction to review Tekrour's petition (*see generally* D.N. 7). *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  Therefore, the Court will not address that issue.

WL 1361650, at \*16 (N.D. Ohio May 15, 2026).  Respondents argue that Tekrour should exhaust administrative remedies by requesting a bond hearing.  (*See* D.N. 7, PageID.32–34)

"[N]o rule or statute requiring exhaustion appears to be applicable here." *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at \*3 (W.D. Ky. Nov. 4, 2025).  "The Court may thus use its 'sound judicial discretion' in deciding whether to require exhaustion."  *Id.* (quoting *Shearson v. Holder*, 725 F.3d 588, 593 (6th Cir. 2013)).  Exhaustion is not essential where "the legal question is fit for resolution and delay means hardship." *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000) (internal quotation marks and citation omitted).  Nor is exhaustion necessary where "irreparable injury will result."  *Campos-Rios*, 2026 WL 1361650, at \*13 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).  Here, the question of a remedy for Tekrour's detention is fit for resolution given the Sixth Circuit's decision in *Lopez-Campos*. *See Lopez-Campos*, 175 F.4th at 732–34 (finding "no reason to disturb the district courts' due process holdings" that the petitioners were entitled to release due to their detention without a bond hearing).  Tekrour's unlawful detention also constitutes hardship and irreparable injury.  *See Campos-Rios*, 2026 WL 1361650, at \*14.  Because Tekrour was detained without a bond hearing, he has already "suffered the injury he is now seeking to avoid." *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021).  Tekrour thus need not exhaust remedies by requesting a bond hearing. *See Shalala*, 529 U.S. at 13; *Campos-Rios*, 2026 WL 1361650, at \*14.  Instead, and consistent with its prior decisions addressing the same issue, the Court will order his immediate release. *See Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at \*7 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at \*5 (W.D. Ky. Nov. 20, 2025); *Alonso*, 2025 WL 3083920, at \*9.

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Tekrour's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**.  Respondents are **DIRECTED** to immediately release Tekrour and shall not re-detain him without notice and an opportunity to be heard at a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a).  Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **August 10, 2026**.

(2)     Upon receipt of the notice of compliance, this matter will be **CLOSED**.

August 7, 2026

**David J. Hale, Chief Judge**
**United States District Court**

4